McCunn, J.
I fully concur in the opinion of the chief justice. The defendant was not justified in entering the plaintiff’s premises and taking possession of his goods for non-payment of rent; no rent was demanded, and it does not appear that any was due, but even if it were due, the landlord’s lien for it has long since been abolished. After the defendant had placed the goods-in the hall of the building, his subsequent bringing them upon his own premises, and refusal to deliver possession when demand was made, constituted a conversion for which there was no legal j ustification. To my mind this constituted a cause of action without proof of any trespass.
It is preposterous on the part of the defendant to contend that he had a lien for storage. Ho evidence to support such a claim can be found in the case. For the purpose of recovery in this action it was not necessary *178 to prove a trespass, or a tortious taking. It is enough to prove possession by the-defendant and then a demand and refusal to deliver the goods, to sustain it.
I therefore concur with the chief justice in affirming the judgment.
Jones, J. dissented. (See his opinion, post, p. 669.)